Eastern District of Kentucky
FILED
MAY 17 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

CIVIL ACTION NO. 04-61
CRIMINAL ACTION NO. 99-3

UNITED STATES OF AMERICA     PLAINTIFF

VS.     **MEMORANDUM OPINION AND ORDER**

ANTONIO BURNS     DEFENDANT

This matter is before the court on the objections of the defendant to the Magistrate's Report and Recommendation on his motion to reverse his conviction, reinstate his appellate rights or correct his sentence under 28 U.S.C. § 2255 (Doc. 426) and the defendant's supplemental memorandum in support of a finding that *Booker* is retroactive (Doc. 428).

The court adopts the decision of the Magistrate Judge as the findings of fact and conclusions of law of the court as to all of defendant's arguments except that the court will specifically address defendant's argument that this court wrongfully enhanced his sentence by making factual findings without submitting the issues to the jury as required in *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531 (2004).

In *Blakely,* the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory maximum was

1

unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 124 S.Ct. at 2536. Despite the recent extension of the *Blakely* principle to the Federal Sentencing Guidelines, the Supreme Court strongly implied in *Booker* that the new rule cannot be applied retroactively to cases on collateral review. *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 749 (2005).

Burns extensively argues in his supplemental memorandum that *Booker* is to be applied retroactively because *Apprendi* applies prospectively to his case and *Booker* and *Blakely* were simply further applications of *Apprendi*. Burns does not discuss, however, the recent Sixth Circuit cases that have specifically found *Booker* is not to be applied retroactively on collateral review. *See Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. Feb. 25, 2005); *Thelen v. United States*, 2005 WL 697093, No. 02-2244 (6th Cir. March 28, 2005).

In *Humphress*, the Sixth Circuit noted that the Supreme Court has ruled that federal habeas corpus petitioners may not rely on new rules of criminal procedure that were handed down after their convictions became final. *Humphress*, 398 F.3d at 860 (citing *Schriro v. Summerlin*, __ U.S. __, 124 S. Ct. 2519, 2523 (2004)). The Supreme Court has held that there are two exceptions to the general rule of nonretroactivity of a new procedural rule: 1)

2

nonretroactivity does not apply to rules forbidding punishment of certain primary conduct or to rules prohibiting a certain category of punishment for a class of defendants because of their status or offense; 2) nonretroactivity does not apply to watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Teague v. Lane*, 489 U.S. 288 (1989).

In *Humphress*, the Sixth Circuit specifically found that *Booker* announced a new rule, not dictated by precedent. *Humphress*, 398 F.3d at 861. The court also found that the *Booker* rule did not fall into either of the *Teague* exceptions: 1) it clearly did not apply to the first exception and 2) the second exception applies only to a small core of rules that are so central to an accurate determination of innocence or guilt that new rules rarely emerge. *Id.* at 862. The Sixth Circuit then unequivocally held that *Booker* does not apply retroactively to cases on collateral review. *Id.* at 860.

As this court is bound by, and in full agreement with, the Sixth Circuit's published *Humphress* decision, *Booker* cannot be applied retroactively to § 2255 cases.

In the present case, Burns' conviction and sentence became final on April 15, 2003, the date the Supreme Court denied his petition for writ of certiorari. *United States v. Cottage*, 307 F.3d 494, 498-99 (6th Cir. 2002). Thus, his conviction became final

3

prior to the Supreme Court's 2005 decision in *Booker*. Accordingly, the Court's holding in *Booker* does not apply retroactively to provide the defendant with any grounds for relief from his conviction and sentence.

For the reasons stated above and those previously set forth in the Magistrate Judge's Report and Recommendation, dated October 20, 2004 (Doc. #425),

IT IS ORDERED AND ADJUDGED that Burns' objections to the Report and Recommendation of the United States Magistrate Judge (Doc. 426) be, and they are, hereby **overruled**; that the Report and Recommendation (Doc. 425) be, and it is hereby **adopted** as the findings of fact and conclusions of law of the court; that the motion of the defendant to reverse his conviction, reinstate his appellate rights or correct his sentence under 28 U.S.C. § 2255 (Doc. 413) be, and it is hereby **denied,** and that this matter is hereby dismissed, with prejudice, and stricken from the docket of this court.

This 17th day of May, 2005.

*/s/ William O. Bertelsman*

**WILLIAM O. BERTELSMAN, JUDGE**

4